UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

PARNELL SEATON,

        Plaintiff,        Case No. 1:08-cv-524

v.        Honorable Janet T. Neff

B. BRINKMAN et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been ordered to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff Parnell Seaton presently is incarcerated with the Michigan Department of Corrections and housed at the Standish Correctional Facility, though the actions he complains of occurred while he was housed at the Muskegon Correctional Facility (MCF). He sues the following MCF employees: Hearings Investigator B. Brinkman, Assistant Deputy Wardens M. Malone and Roxanne Thibault, and two officers holding unknown positions, J. Gregg and Lee A. Halbower.

Plaintiff alleges that, on September 5, 2005, he was attacked by prisoner Walls, who began stabbing Plaintiff. Plaintiff struggled with Walls, eventually obtaining control of the weapon and apparently stabbing Walls at some point. Officers Bisson and Povistak, responding to a call for assistance from Resident Unit Officer (RUO) Carpenter, intervened in the altercation, restraining Plaintiff and Walls. Plaintiff's wounds were dressed by an MCF nurse, and he was transported to Hackley Hospital for treatment.

In the early morning hours of September 6, 2005, Plaintiff was given a copy of a misconduct ticket issued by RUO Carpenter, charging Plaintiff with assault resulting in serious physical injury. Later that morning, Plaintiff was notified that the major misconduct report had been amended to include a charge of possession of a weapon. Minutes later, Plaintiff was summoned to Defendant Brinkman's office and was asked to identify the questions he intended to submit to his witnesses, the documents he intended present in his defense, and the evidence he intended to use for his defense. Plaintiff requested that latent fingerprint analysis and DNA blood identification analysis be performed on the knife. His request was denied. Shortly thereafter, Brinkman interviewed Walls, who stated that he had been attacked without provocation and did not see who

attacked him. Walls denied having any problems with other prisoners and said that he believed the incident was a case of mistaken identity. Plaintiff alleges that Brinkman then summarized Walls statement and recorded the statement as having been made by RUO Carpenter.

Based on the alleged misinformation, the Security Classification Committee, composed of Defendants Malone and Thibault, met with Plaintiff on September 7, 2005. They asked Plaintiff to explain why Prisoner Willis was requesting to be placed in protective custody. Plaintiff denied knowing about the situation. Malone disclosed that Willis had alleged that unidentified prisoners were trying to kill him because they believed he had hired Walls to attack Plaintiff. The following day, Defendant Halbower prepared a Special Problem Offender Notice (SPON) regarding Plaintiff and forwarded it to Defendant Thibault for approval. Thibault approved the SPON.

At 9:30 a.m. on September 8, 2005, the Hearings Officer convened a disciplinary hearing on the merits of the misconduct charges against Plaintiff. Plaintiff pleaded not guilty and self defense. He reiterated his request for fingerprint and DNA analysis. The Hearings Officer refused the request for fingerprint analysis because the evidence would be repetitious and immaterial, given that Plaintiff had admitted that he held the weapon and had stabbed Walls during the course of the altercation. Plaintiff alleges that, because no officer had witnessed the beginning of the assault and because he was denied the necessary laboratory analyses, he was improperly found guilty. As soon as the misconduct decision was issued, the Security Classification Committee reconvened and reclassified Plaintiff to restrictive administrative segregation at Ionia Maximum Correctional Facility (ICF), where he was transferred on September 9, 2005.

Plaintiff submitted a request for rehearing on the misconduct, which was delivered to the Hearings Administrator on September 13, 2005. Plaintiff also wrote to Colone Sturdivian of

the Michigan State Police, requesting fingerprint and DNA analysis. In addition, Plaintiff requested a copy of the records contained in the hearing investigation file. He also received a copy of the Security Reclassification Notice. Based on the contents of the Security Reclassification Notice, Plaintiff filed a second request for rehearing, contending that, if Malone and Thibault possessed evidence that Walls had been hired by Willis to assault Plaintiff, that evidence should have been made available to Plaintiff during his disciplinary proceedings. Plaintiff filed a third request for rehearing on November 1, 2005, alleging that his disciplinary hearing had not been conducted in an impartial manner by an impartial hearings officer.

On November 7, 2007, Inspector Mascarro came to ICF to speak with Plaintiff. Mascarro told Plaintiff that he had discovered that Walls had been paid to assault Plaintiff and the identity of the persons procuring Walls' service had been identified. Mascarro also informed Plaintiff that he had discovered witnesses who had observed Walls' assault. Mascarro told Plaintiff that the evidence would be turned over to the Michigan State Police, along with a recommendation that the Muskegon County Prosecutor file criminal charges. Mascarro identified Inspector Betty Goodson as the liaison between Plaintiff and Mascarro. Plaintiff was transferred to Standish Maximum Correctional Facility on December 7, 2005, where he was placed in restrictive administrative segregation. Plaintiff discovered in April 2006 that a SPON dated November 10, 2005 had been placed in his prison file.

On June 1, 2006, Plaintiff's request for rehearing was denied. Petitioner filed a petition for judicial review of the administrator's June 1, 2006 decision. The petition was dismissed by the Wayne County Circuit Court on December 13, 2006. Plaintiff sought leave to appeal the decision, which was denied by the Michigan Court of Appeals on August 20, 2007. Plaintiff sought

reconsideration of the order denying leave to appeal, which was denied on October 8, 2007. Plaintiff, however, failed to timely seek leave to appeal in the Michigan Supreme Court.

In his complaint, Plaintiff claims that he was denied his Fourteenth Amendment right to due process and his First Amendment right to seek redress of grievances by the actions of Defendants to falsify and suppress evidence and to engage in biased decisionmaking. He seeks injunctive relief and both compensatory and punitive damages.

## II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that he was falsely convicted of assault involving serious physical injury and possession of a weapon, both major misconducts. He also appears to claim that evidence from other witnesses should have been explored instead of relying on a false staff member's statement about the incident and the statement of the other prisoner. The Supreme Court has held that a claims for declaratory relief and monetary damages that necessarily imply the invalidity of the punishment imposed are not cognizable under § 1983 until the conviction has been overturned.

*Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The *Edwards* Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007); *Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges).

In *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *Id.*; *Thomas*, 481 F.3d at 439; *Johnson v. Coolman*, 102 F. App'x 460, 461 (6th Cir. 2004). The Court noted that "[t]he effect of disciplinary proceedings on good-time credits is a matter of state law or regulation." *Muhammad*, 540 U.S. at 754. Under Michigan law, a prisoner loses good-time credits

for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated good-time credits in cases. *Id.* Plaintiff does not assert that he did not forfeit good-time credits for the month of his conviction. Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Shavers v. Stapleton*, 102 F. App'x 900, 901 (6th Cir. 2004).

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Major Misconduct Hearing Report is received. MICH. COMP. LAWS § 791.254; MICH. DEP'T OF CORR. Policy Directive 03.03.105, ¶ DDD (effective Jan. 1, 2007). Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court. *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal). If he is not successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[1]

Plaintiff has unsuccessfully pursued his relief in state court, though he failed to properly seek leave to appeal to the Michigan Supreme Court. He does not allege, however, that he sought to overturn his misconduct convictions in a federal habeas petition. Moreover, his allegations make clear that his conviction has not been invalidated. Accordingly, Plaintiff's § 1983 claim is not presently cognizable. He therefore fails to state a claim on which relief can be granted. *See Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (a claim barred by *Heck* is properly dismissed for

---

[1] A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to a "shortened" prison sentence is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1).

failure to state a claim); *Murray v. Evert*, 84 F. App'x 553, 555 (6th Cir. 2003) (same); *Harris v. Truesdell*, 79 F. App'x 756, 758-59 (6th Cir. 2003) (same).

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Date: August 26, 2008                         /s/ Ellen S. Carmody
                                              ELLEN S. CARMODY
                                              United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).